No. 15,053.

PARKER v. CULBERTSON.

ABATEMENT.—*Plea of.*—*Purchase Price of Real Estate.*—*Action to Recover.*— *Insufficiency of Plea.*—In an action to recover the agreed purchase price of a tract of land conveyed by the plaintiff to the defendant, a plea in abatement is bad, which alleges that at the time the plaintiff conveyed the real estate to the defendant she had no legal title to the same, but that the legal title was in another, and that an action was pending against the defendant upon his warranty, he having conveyed the land, but which does not show that either the defendant or his grantees have been disturbed or interrupted in their possession.

From the Hendricks Circuit Court.

*T. J. Cofer* and *C. C. Hadley*, for appellant.

*L. M. Campbell*, for appellee.

OLDS, C. J.—This is an action by the appellee against the appellant to recover the purchase-money for a 40 acre tract of land in Hendricks county, Indiana, and for an 80 acre tract in the State of Illinois.

The complaint is in four paragraphs. The first paragraph alleges a sale and conveyance of the 40 acres by the appellee to the appellant and an agreement to pay $1,200 for the same; that he has wholly failed to pay the same; that appellee at and before the execution of the conveyance was, and ever since has been and now is a married woman.

The appellant files what is termed a plea in abatement to this first paragraph, to which a demurrer was sustained, and this ruling is the only error discussed.

We do not deem it necessary to set out this answer, or plea in abatement, as it is termed. It alleges no facts making it good on the theory of a plea in abatement. It alleges that at the time the appellee conveyed the real estate to the appellant she had no legal title to the same; that the legal title was in one Kenney, and any possession taken or held by the appellee or the appellant, or his grantors, was fraudulent; that appellant sold and conveyed the land

by warranty deed to one Riggins, and Riggins sold and conveyed by warranty deed to one Hadley, and Kenney sold and conveyed his legal title to one Downard, and after this action was commenced Downard brought suit against Hadley for possession, in which action there was judgment in favor of Hadley; that Riggins defended said suit in the name of Hadley, and had now brought suit, which was pending in the circuit court, against the appellant upon his warranty, claiming $1,000 damages on account of the failure of title, and money expended in defending the suit prosecuted by Downard. Prayer that the action abate until the final determination of the suit instituted by Riggins.

The facts alleged do not show that either the appellant or his grantees have been disturbed or interrupted in their title or possession. It alleges that one Kenney has the paramount title, but it also shows that in the contest and adjudication between Downard and Hadley, Downard holding under a title from Kenney, and Hadley under a title from the appellee, Hadley succeeded.

This answer does not allege facts constituting a good plea in abatement and there was no error in sustaining a demurrer to it.

Judgment affirmed, with costs.

